Ms. Stacey Witherell, Employee Services Manager Human Resources Department City of Little Rock 500 W. Markham Suite 130W Little Rock, AR 72201-1428
Dear Ms. Witherell:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), a section of the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107), concerning the release of certain records under the FOIA.
You state that the City of Little Rock received a request for: (1) "Copies of all personnel status change forms . . . for all persons holding the positions of Lead Mechanic, Mechanic I and Mechanic II in the City's Department of Fleet Services for the period January 1, 1995 to the present;" and (2) "Copies of the Applications for Employment submitted by all persons for whom status change forms are provided pursuant to the above request."
It is your position that these records should be released, with exempted information, including addresses, phone numbers, and social security numbers, redacted from the records. You also state that if a particular record documents a suspension or termination of employment, it should not be released. You have requested clarification about the releasability of records that reflect the fact that an employee took leave of absence, family medical leave, or military leave. Finally, you state that the city does not possess records that would be necessary to provide some of the requested information, and you ask whether the city is required to create such records.
I am directed by law to issue an opinion as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B). I will also respond to your other requests.
RESPONSE
As an initial matter, I must note that I have not been provided with copies of the records in question. I therefore cannot opine definitively concerning the releasability of any particular record. Nevertheless, I can state on the basis of the information you have provided, that your general position regarding the releasability of the types of records that have been requested appears to be consistent with the FOIA.
The Personnel Status Change Forms
Forms that do nothing more than reflect a change in an employee's status should be classified as "personnel records." See Ops. Att'y Gen. Nos.2000-267; 2000-203; 97-400. If the "personnel status change forms" simply reflect a change in the employee's status, they are "personnel records," and their releasability must be analyzed under the provisions of A.C.A. § 25-19-105(b)(10).[1] Under that section of the FOIA, personnel records are subject to disclosure except to the extent that their release would constitute a "clearly unwarranted invasion of [the] personal privacy" of the employee to whom they refer. Id. The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court has found that the employee's interest outweighs the public's interest in cases where the record reveals the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends.See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). A personnel status change form that does nothing more than reflect a change in status would not contain information in which an employee would have a privacy interest that would outweigh the public's interest in the record. Such a record should be released.
The Applications for Employment
This office has consistently opined that job applications constitute "personnel records." See, e.g., Ops. Att'y Gen. Nos. 2001-080; 96-190; 95-291; 94-187; 93-421; 90-248; 88-133; 87-189. They typically do not contain information in which the employee would have a privacy interest that would outweigh the public's interest in the record. If this is the case with the applications for employment that have been requested, they should be released.
Redactions
Both the personnel status change forms and the applications for employment may contain specific items of information that may be exempt from disclosure, such as social security numbers, see, e.g., Op. Att'y Gen. No. 2001-080, medical information, see A.C.A. § 25-19-105(b)(2), and driver's license numbers, see 18 U.S.C. § 2721 et seq. These are examples only, and this list should not be construed to be exhaustive. The records should be reviewed for any type of exempt information. Such information should be redacted from these records before they are released. I have also opined that under certain factual circumstances, home addresses and telephone numbers can be withheld from disclosure. See, e.g., Op. Att'y Gen. No. 2001-091, citing Stilley v. McBride, 332 Ark. 306,965 S.W.2d 125 (1998). Withholding addresses and telephone numbers would require factual circumstances under which this information could be used to harass the employees.
Leave Information
You have requested clarification concerning the releasability of records reflecting the fact that an employee took leave of absence, family medical leave, or military leave.
Such records must be analyzed on a case-by-case basis, and a decision concerning the release of any particular leave record will depend upon the particular information that is contained in that record.
Generally, it is my opinion that records that do no more than reflect the fact that an employee took a leave of absence, family medical leave, or military leave should be released. The FOIA contains no exemption from release for such records, nor does federal law contain any such exemption. However, particular care must be taken not to release specific exempt information that is contained in these records, such as exempt medical information that is likely to be contained in a record concerning family medical leave.
Creation of Records That Do Not Exist
The FOIA, as amended by Act 1653 of 2001, provides that you are not required to create records that do not exist. The new section states:
 A custodian is not required to compile information or create a record in response to a request made under this section.
A.C.A. § 25-19-105(d)(2)(C) (as amended by Acts 2001, No. 1653, § 2).
Accord, McMahan v. Board of Trustees, 255 Ark. 108, 499 S.W.2d 56
(1973); Ops. Att'y Gen. Nos. 2000-305; 2000-119; 99-399; 98-075; 97-048; Watkins, The Arkansas Freedom of Information Act 81-2 (3rd ed. 1998), and Attorney General Opinions cited therein. Therefore, if the city does not possess records that are responsive to the request that has been presented, it need not create those records.
Assistant Attorney General Suzanne Antley prepared to foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] If a record documents an evaluation of the employee's performance on the job, the record may constitute an "employee evaluation/job performance record," the releasability of which must be analyzed under the provisions of A.C.A. § 25-19-105(c), rather than under A.C.A. §25-19-105(b)(10). See Ops. Att'y Gen. Nos. 2000-267; 2000-203; 97-400.